UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:17-CR-55-REW-HAI-2 |
| v. | ) | |
| | ) | OPINION & ORDER |
| JAMES RUSSELL PETERS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant James Russell Peters, Jr. moves *in limine* for exclusion of three evidence categories: a prior felony drug conviction, audio recordings from drug transactions with a confidential informant (CI), and a recorded, non-drug-related conversation. DE 119 at 1–2 (Motion). The Government's response moots Peters's objections to the first and last genres. *See* DE 135 at 1 n.1, 2. After considering the parties' contentions regarding the controlled-buy audio, the Court, under the applicable standards, finds exclusion unwarranted and denies the motion.

Defendant faces charges of conspiring to distribute 50+ grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. DE 137 (Second Superseding Indictment – Count 1). The alleged conspiracy conduct spanned a calendar year, from March 2017 through March 2018, and occurred in this District. *Id.* The prosecution does not intend to introduce evidence, at trial, of Peters's prior Laurel County felony drug conviction or a September 2017 recorded Peters conversation that is

1

unrelated to trafficking. *See* DE 135 at 1 n.1, 2. This moots, for now, Defendant's Rule 403 & 404 objections to introduction of such items.[1]

Defendant also pursues exclusion of audio from alleged controlled meth transactions between Peters and a CI. He contends the recordings are both improper propensity evidence and, alternatively, unduly prejudicial. DE 119 at 3–4. The crux of Defendant's Rule 403 and 404 arguments is, ultimately, the same premise, *i.e.*, that "the other transactions . . . occurred at other locations and involved other persons besides . . . [Peters's Co-Defendants]; accordingly, they cannot be said to be part of the same scheme as the charged conspiracy[.]" *Id.*[2] As explained below, even if—accepting Defendant's citation-free assertion as true—the recorded transactions could not be properly considered as an overt act in furtherance of the conspiracy, that fact would not warrant the wholesale exclusion Peters seeks. Inadmissibility for one purpose does not equal inadmissibility for

---

[1] The Court, at this liminal stage, accepts the Government's representation that it will not utilize this evidence. The Court need not determine admissibility of proof that will never be offered. If Defendant's concerns resurface at trial, he may renew his objection. The Court will reassess admissibility, as appropriate, if and as necessary at trial.

[2] The First Superseding Indictment jointly charged Peters, Defendant Beets, Defendant Wagoner, and (then-Defendant) William Clontz with conspiring to distribute meth with others. *See* DE 31. The Second Superseding Indictment charges Peters, solely, with the same conduct. *See* DE 137. Defendant filed the motion prior to the grand jury's return of the latest charging document. However, the Court sees no material impact on the motion's merits and, thus, no reason to delay a decision. Whether tried separately or jointly, Peters's guilt or innocence must be determined individually. *See Kotteakos v. United States*, 66 S. Ct. 1239, 1252 (1946) ("Guilt with us remains individual and personal, even as respects conspiracies. It is not a matter of mass application."). Both indictments allege Peters conspired "with others" and, for obvious reasons, neither names the CI involved in the controlled-buy. In short, the Defendant roster does not impact, at least in Peters's favor, the at-issue audio's admissibility and, thus, the Court rules on the motion as briefed. If the latest version means more than one conspiracy is in play, that only strengthens the analysis in this ruling.

all purposes. Indeed, the controlled buys' failure to actually advance conspiracy purposes would not perforce even render them "other acts" within Rule 404's purview.

*Inextricably Intertwined Acts*

Rule 404(b) provides that evidence of crimes, wrongs, or other acts cannot be admitted to prove a person's character "in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "Rule 404(b) does not apply where the challenged evidence is 'inextricably intertwined' with evidence of the crime charged in the indictment." *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995) (quoting *United States v. Torres*, 685 F.2d 921, 924 (5th Cir. 1982)). Proof admitted under this 404(b) exception is sometimes referred to as "[b]ackground or *res gestae* evidence[.]" *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013) (quoting *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012)). "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id.* (quoting *United States v. Hardy*, 228 F.3d 745, 750 (6th Cir. 2000)). However, considerations as to "'temporal proximity, causal relationship, or spatial connections' among the other acts and the charged offense" severely limit the exception's scope. *Id.* (quoting *Clay*, 667 F.3d at 698).

The Court finds that the controlled-buy recordings (as described)[3] are directly probative of, arise from the same events as, and complete the story of the charged offense. The Government intends to prove that Peters purchased bulk meth quantities

---

[3] Not having the evidence itself is limiting, and the Court would expect the parties to make any particular argument in the concrete context of trial.

from his source of supply for resale to "various mid- and street-level drug dealers." DE 135 at 4. Evidence showing that Peters was selling meth in the same conspiracy period logically supports the Government's theory. Although a government cooperator cannot be considered a co-conspirator, *see United States v. Rogers*, 118 F.3d 466, 477 (6th Cir. 1997), that circumstance does not render the transactions inadmissible. *See United States v. Ramirez*, 350 F.3d 780, 785 (8th Cir. 2003) ("[W]e disagree with [defendant's] assertion that we cannot consider his incriminating statements made during a controlled buy as evidence of his participation in a drug conspiracy[.]").

Peters was, evidently, unaware of his purported meth customer's status. Thus, the transaction events arguably were, to Peters, materially indistinguishable from any other illicit drug deal. Under the prosecution's theory, the recorded sales directly corroborate the existence of, and Peters's knowing involvement in, a conspiracy to sell meth. While the Court presumes Defendant innocent, the United States will likely depict the at-issue transactions as arising from Peters's purported prior purchases from his source of supply and as the last steps in (or completing "the story of") Peters's middleman role.

Here, the causal connections alone are sufficient to overcome the restrictions on the "inextricably intertwined" Rule 404 exception. *See Adams*, 722 F.3d at 811 ("*Hardy* acknowledges that background evidence requires a close 'causal, temporal *or* spatial connection.'" (quoting *Hardy*, 228 F.3d at 748) (emphasis in original)). Temporal proximity cinches the finding. The controlled buys occurred during the charged conspiracy period. *Compare* DE 137 at 1 (charging a conspiracy "[b]eginning in or about March of 2017"), *with* DE 119 at 1 (referencing "audio recordings related to alleged drug transactions . . . in March 2017[.]"). Additionally, spatial proximity, here, though not

necessarily supporting the finding, is not so lacking as to militate against applying the exception. The recorded transactions occurred in Jefferson County. *See* DE 119 at 1. Though outside the Eastern District, the conduct transpired within the Commonwealth's borders and is consistent with the conspiracy alleged. *See* DE 137 ("in the Eastern District of Kentucky, *and elsewhere*" (emphasis added)).

In sum, because the controlled-buy "evidence is part of a continuing pattern of illegal activity[,]" Rule 404(b) "is not implicated[.]" *Barnes*, 49 F.3d at 1149. The at-issue evidence is sufficiently linked, causally and temporally, to overcome the exception's stringent limitations. Accordingly, 404(b) analysis is unnecessary because "evidence of those sales [is] not 'other acts' evidence[;] it [is] inextricably intertwined with the charged offense." *United States v. Martinez*, 430 F.3d 317, 335 (6th Cir. 2005). The Court rejects the Rule 404-based *in limine* effort.

### *Rule 404(b) Examination*

Further, even if the Rule applied, the recordings would, on this record, survive exclusion under the 404(b) rubric. The Court utilizes the Sixth Circuit's 3-step inquiry for 404(b) analysis:

> First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place. The district court must then determine whether those "other acts" are admissible for a proper purpose under Rule 404(b). Finally, the district court must determine whether the "other acts" evidence is more prejudicial than probative.

*United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004). Defendant disputes only the latter two issues. *See* DE 119 at 2–3 (reciting three similar steps and stating that only the "second and third . . . are at issue"). The Court sees no reason to doubt the undisputed sufficiency of the controlled-buy proof.

As to purpose legitimacy:

> "To determine whether the proffered evidence is admissible for a proper purpose, the trial court must decide 'whether that evidence is probative of a material issue other than character.'" *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004) (quoting [*United States v. Huddleston*, 108 S. Ct. 1496, 1499 (1988)]). This requires a three part inquiry. "Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." [*United States v. Rayborn*, 495 F.3d 328, 342 (6th Cir. 2007)] (quoting [*United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003)]).

*United States v. Bell*, 516 F.3d 432, 441–42 (6th Cir. 2008). Rule 404(b)(2) enumerates several permissible admission purposes including, as relevant here, proving intent, plan, or knowledge. *See* Fed. R. Evid. 404(b)(2). "[F]or the conspiracy count, the matter at issue [i]s whether there was an agreement to violate drug laws and whether [Defendant] knew of, intended to join and participated in the conspiracy." *United States v. Neuhausser*, 81 F. App'x 56, 66 (6th Cir. 2003). Proof that Peters contemporaneously engaged in like drug sales is patently probative of his knowing involvement in a common plan to distribute meth and corroborates the Government's envisioned account of Peters as middleman. *See Martinez*, 430 F.3d at 330 ("[D]efendant's knowledge of and participation in a conspiracy may be inferred from his conduct and established by circumstantial evidence.").

In this context, the Court finds Defendant's contrary assertion (unburdened by precedential support) that "the other transactions . . . cannot be said to be part of the same scheme" effectively irrelevant. DE 119 at 4. Whether or not the transactions can be considered overt acts in furtherance of the § 846 charge, "[t]he evidence surrounding [the] controlled buys [is a] particularly strong indicator[ ] of [Defendant]'s full-throated

participation in a conspiracy[.]" *United States v. Merriweather*, 728 F. App'x 498, 511

(6th Cir. 2018), *cert. denied*, No. 17-9553, 2018 WL 3147046 (Oct. 1, 2018). The audio

tends to "reveal [Peters's] involvement in a conspiracy that extends beyond . . . the

controlled buy[.]" *Ramirez*, 350 F.3d at 785. Stated otherwise, Defendant's attempt to

rule out one permissible admission purpose ignores obvious alternative admission bases.

The controlled-buy audio is resoundingly probative of intent, plan, and knowledge; each

is a proper 404(b) purpose.

*Unfair Prejudice & Rule 403*

As to prejudice:

> "[T]he term 'unfair prejudice,' as to a criminal defendant, speaks to the
> capacity of some concededly relevant evidence to lure the factfinder into
> declaring guilt on a ground different from proof specific to the offense
> charged." [*Old Chief v. United States*], 519 U.S. at 180, 117 S. Ct. 644
> [(1997)]. Such improper grounds include "generalizing a defendant's
> earlier bad act into bad character and taking that as raising the odds that he
> did the latter bad act now charged (or, worse, as calling for preventive
> conviction even if he should happen to be innocent momentarily)." *Id.* at
> 180–81, 117 S. Ct. 644. "A limiting instruction will minimize to some
> degree the prejudicial nature of other criminal acts; it is not, however, a
> sure-fire panacea for the prejudice resulting from needless admission of
> such evidence." [*United States v. Haywood*, 280 F.3d 715, 724 (6th Cir.
> 2002)].

> With regard to the probative value of the evidence, the Supreme Court has
> suggested that the district court should consider "the full evidentiary
> context of the case as the court understands it when the ruling must be
> made." *Old Chief*, 519 U.S. at 182, 117 S. Ct. 644.

*Bell*, 516 F.3d at 444–45. Given the disputed audio's probatory worth for proper and

material purposes, and the dubious applicability of the "other acts" tag, the Court sees

little (no) danger of **unfair** prejudice. *See United States v. Johnson*, 581 F.3d 320, 327

(6th Cir. 2009) ("Unfair prejudice does not mean the damage to a defendant's case that

results from the legitimate probative force of the evidence; rather it refers to evidence

which tends to suggest a decision on an improper basis."). The jury may fairly rely on the recordings for what they are: recordings of Peters selling meth to a government informant during the charged conspiracy period.

Defendant pegged his Rule 403-based argument entirely to Rule 404-based propensity concerns. *See* DE 119 at 4 ("[A]dmission would invite the jury to treat the evidence as propensity proof and, therefore, inflict unfair prejudice."). The argument fails for two reasons. First, the Court has already found that the recordings are not "other acts" evidence under Rule 404. Second, even if Rule 404 were applicable, non-propensity admission purposes exist. The United States depicts a strong nexus between the controlled buys and the instant charges. Proper limiting instructions, if necessary and appropriate, can reduce any risk of unfair prejudice, issue confusion, or misleading of the jury. Peters's thin risk assertions—balanced against the recordings' probative value—do not clear "Rule 403's high bar for exclusion." *United States v. Guzman*, 571 F. App'x 356, 361 (6th Cir. 2014) (citation omitted). Accordingly, the Court also rejects Rule 403-based liminal exclusion. *United States v. LaVictor*, 848 F.3d 428, 444 (6th Cir.), *cert. denied*, 137 S. Ct. 2231 (2017) ("Under Rule 403 . . . , 'a district court has very broad discretion in'" balancing probative and prejudicial impact. (internal citations omitted)).[4]

For all these reasons, and under the applicable standards, the Court **DENIES** DE 119.

This the 21st day of November, 2018.

---

[4] The Court will wait for the trial foundation before actually admitting such evidence. This ruling declines exclusion of the proof *in limine*, but a concrete foundation for the recordings must emerge for review at trial.



Signed By:

*Robert E. Wier*

United States District Judge